IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   Gregory Francis Smith                                    Case No. 22-01992-JAW
         Brenda Brooks Smith, Debtors                                        CHAPTER 13

**RESPONSE TO OBJECTION TO PROFESSIONAL FEES**

COMES NOW, Thomas C. Rollins, Jr., (the "Applicant"), attorney for the debtors, and respond to United States Trustee's Objection to First Application for Allowance of Compensation and Reimbursement of Necessary Expenses for The Rollins Law Firm, PLLC (dk # 41) as follows:

1. The United States Trustee ("UST") relies on 11 U.S.C. § 330(a)(1) in arguing that a debtor's attorney can only be compensated for work that has already been performed. This argument is flawed for two reasons:

   a. § 330(a)(1) does not apply to the debtor's attorney. Per the language of the statute, § 330(a)(1) only applies to a "Trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103". The debtor's attorney does not fall into any of these categories. Approval of professional persons hired under section 327 is only required for professionals hired by the trustee to represent the estate. The Applicant was not hired by the trustee and does not represent the estate. Section 1103 is not applicable to chapter 13.

   b. A prior version of section 330(a)(1) included "debtor's attorney". The bankruptcy code was amended by the Bankruptcy Reform Act of 1994 to remove "Debtor's Attorney" from section 330(a)(1). *Pub. L. No 103-394, 108 State 4106*.

> Removing "Debtor's Attorney" is a clear indication that Congress no longer wanted that section to apply to the debtor's attorney.

2. The fee agreement signed by the debtors is an hourly fee agreement. The Applicant is attempting to negate the need for sending an hourly bill to the client after the conclusion of the case by asking the court to estimate the time that will be required to close out the case. The Applicant and his partner, Jennifer Calvillo, both bill at $350.00 per hour. The Applicant is agreeing not to bill hourly for the routine matters that happen at the end of the case which include:

    a. Reviewing the Trustee Report of Disbursements (estimated at .2 attorney hours)

    b. Gathering facts and Drafting the Motion for Discharge (estimated at .4 attorney hours)

    c. Advising and answering the Debtor's questions that arise after the case is closed (estimated at .2 attorney hours)

    d. Review Notice of Final Cure Mortgage Payment (estimated at .1 attorney hours)

    e. Review Release of Wages (estimated at .1 attorney hours)

    f. Review Discharge Order (estimated at .1 attorney hours)

    All of these activities occur after disbursements are completed by the Standing Trustee. If this work is not compensated through the plan, Applicant's only other option would be to bill the client after the case is completed.

3. Will this compensation be unearned if the case is dismissed? No, because different tasks are necessary if a case is dismissed. The Applicant is agreeing not to bill hourly for the following routine matters that happen prior to the Court granting dismissal of the case:

    a. Reviewing the Motion to Dismiss (estimated at .2 attorney hours)

    b. Conference with the debtor to obtain facts and determine course of action (estimated at .2 attorney hours)

    c. Draft Response to Motion to Dismiss (estimated at .3 attorney hours)

    d. Telephone conference or email with Trustee or other opposing counsel to reach a settlement (estimated at .2 attorney hours)

    e. Advising and Answering the Debtor's questions that arise after the case is dismissed regarding their debts (estimated at .1 attorney hours)

If the dismissal of the case is denied, Applicant will file a supplemental fee application with itemizations.

4. The UST argues that the debtor's attorney cannot be compensated for work that has not been performed. It is common practice in this district to award fees for work that has yet to be completed. The awarding of a flat fee at confirmation is approving compensation for work that is anticipated to be performed. Virtually all chapter 13's filed in this District are awarded a flat fee upon confirmation of the case.

5. The UST argues that the Amended Standing Order regarding the No-Look Fee only allows compensation for "work *performed*" (Emphasis added). The UST's focus on these two words found in the Order are out of context. The Order actually says that "the application must include contemporaneous hourly time records for all work performed in the case as required by Rule 2016". Applicant has complied with this requirement by filing itemized time records with the application. Itemized time records can still be required in contingency and flat fee cases, but the contingency and or Flat fee awarded can vary significantly from the hourly compensation and still satisfy the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2nd 714 (5th Cir. 1974). A Court has

approved a Contingency fee of $464,999.58 when the hourly compensation would have only resulted in $97,448.50. *See In re Adam Aircraft Industries, Inc., 532 B.R. 814 at 824 (2015).* This court has previously approved hybrid fee arrangements. *See In re: On-Site Fuel Service, Inc., 627 B.R. 644 (2021).* The requirement to file itemizations contained in this District's Standing Order on No Look Fees does not bind the Court to only award compensation for itemized work that has already been performed.

6. 11 U.S.C. 330(a)(4)(B) is the code section controlling compensation for the debtor's attorney. A Chapter 13 debtor's attorney's compensation is allowed for "representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor". This text vests the bankruptcy court with authority to determine what is reasonable compensation. *In re Riley, 923 F.3d 433 at 442 (5th Cir. 2019).* Applicant would argue that there are no services more necessary or beneficial to the debtor that the Motion for Discharge or the work performed to try and keep a case from being dismissed.

7. Section 330(a)(4)(A) prohibits compensation for duplicate services, but that rule is not violated since Applicant will not bill client hourly for the routine tasks necessary to close the case.

WHEREFORE, Debtors pray for an Order granting the Application for Compensation and for such additional or alternative relief as may be just and proper.

    Respectfully submitted,

By:   /s/ Thomas C. Rollins, Jr.
      Thomas C. Rollins, Jr. (MSBN 103469)
      Attorney for Debtors

Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

CERTIFICATE OF SERVICE

 I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Response was forwarded on December 27, 2022, to:


By Electronic CM/ECF Notice:

 Harold Barkley, Chapter 13 Trustee

 U.S. Trustee


          /s/ Thomas C. Rollins, Jr.
          Thomas C. Rollins, Jr.